615 So.2d 1 (1992)
COLUMBIA HOMESTEAD ASSOCIATION
v.
Charles F. ARNOULT, Richard E. Arnoult, Robert C. Leonard and Medical Property Investment Corporation.
No. 91-CA-2096.
Court of Appeal of Louisiana, Fourth Circuit.
September 17, 1992.
Opinion On Rehearing November 17, 1992.
Joseph V. DiRosa, Jr., New Orleans, for defendants/appellants Charles F. Arnoult and Richard E. Arnoult.
Mark C. Landry, Newman, Mathis, Brady, Wakefield & Spedale, A Professional Law Corp., Metairie, for plaintiff/appellee Resolution Trust Corp. as receiver of Columbia Homestead Ass'n et al.
Before LOBRANO, WARD and ARMSTRONG, JJ.
ARMSTRONG, Judge.
This is an appeal from a denial of a motion for new trial from a trial court judgment which prohibits appellants, Charles F. Arnoult and Richard E. Arnoult ("A & A"), from presenting any affirmative defenses or their reconventional demand at trial because they failed to timely and fully respond to discovery requests after discovery was compelled. Since we find the record barren of evidence of appellants' fault, rather than fault of their counsel, we reverse the trial court's ruling and grant the motion for a new trial.
Plaintiff, Columbia Homestead Association [1] ("Columbia"), filed this deficiency judgment action against A & A, Robert C. Leonard ("Leonard") and Medical Property Investment Corporation ("MPIC"). In their answer to the petition, A & A raised several affirmative defenses, cross-claimed Leonard and Ronald Lamarque ("Lamarque") and filed a reconventional demand. Columbia served A & A's attorney interrogatories and requests for production on October 1, 1990. A & A's attorney informed Columbia that they would answer by October 26th. They did not. Columbia *2 then demanded that A & A respond by November 12th. When no response came, Columbia filed a Rule to Compel on November 19th.
A hearing on the rule was held on December 14, 1990, wherein the rule was made absolute. The court entered judgment against A & A and their attorneys, Cecil M. Burglass, Jr. ("Burglass") and Douglas W. Freese ("Freese"), individually and jointly, and in favor of Columbia's counsel for attorney's fees in the amount of $480. Further, the court ordered A & A:
To respond to the plaintiff's request for production of documents in their entirety fully and comprehensively no later than fifteen (15) days from the date hereof, and for failure to do so and in default thereof the defendants, [A & A], will not be permitted or allowed to present any affirmative defenses or reconventional demand at the trial of this matter.
Thereafter, on January 14, 1991, Columbia filed two rules. Its "Rule for Sanctions for Failure to Respond Properly to Requests for Production of Documents in Compliance with This Court's Judgment and for Expenses and Attorney's Fees", complained that 20 days after the court compelled discovery, A & A submitted responses which, contrary to the court's order, were not "entire, full and comprehensive." Next, its "Rule to Compel Proper Answers to Interrogatories and for Expenses and Attorney's Fees", complained that 7 of the answers to the 9 interrogatories received on December 13th, were nonresponsive and totally inadequate. Columbia complained that A & A's answers were nothing more than a mere reiteration of the general allegations of fraud asserted in their answer and reconventional demand. Moreover, the documents produced did not relate to A & A's allegations of fraud and gross negligence, but were related to side agreements which A & A allegedly had with co-defendants Leonard and Lamarque.
On February 8, 1991, the trial court made absolute Columbia's Rule for Sanctions for failure to respond properly to requests for production of documents in compliance with the December 14th judgment. Accordingly, it entered judgment against A & A ruling they "will not be permitted or allowed to present any affirmative defenses or reconventional demand at the trial of this matter." The judgment also condemned A & A and their attorneys, Burglass and Freese, to pay Columbia's counsel fees of $175. The trial court also made absolute Columbia's Rule to Compel Answers to Interrogatories and condemned A & A and their attorneys to pay Columbia's counsel a fee of $175.
Thereafter, A & A's counsel filed a motion for new trial relative to both rules, which the trial court denied. Its written reasons for denying the motion indicated that Columbia had propounded 6 requests for production germane to A & A's allegations/affirmative defenses of fraud and gross negligence. The court noted that Columbia's requests were very broad, seeking any documents of any kind relating to any acts of fraud/negligence by plaintiff as alleged by defendants. A & A responded:
See documents accompanying these responses to request for production. Additional documents showing gross negligence and/or fraud are believed to be in the possession of other parties and will be sought in later deposition and written discovery. [A & A] reserve the right to supplement this response at a later date.
The ten documents defendants attached to their response were the act of sale, the mortgage note, and side agreements. The court noted that those documents did not relate to fraud or gross negligence, but to side agreements between A & A and Lamarque and Leonard. The court also noted that A & A had not pled with particularity or answered interrogatories and/or requests for production with specificity of time/dates, persons, or sums of money. Columbia had made its entire loan office available for A & A's inspection and photocopying since April 1987; consequently, A & A had adequate time to gather sufficient information to make specific allegations of fraud and/or gross negligence. The court concluded that A & A did not have an adequate reason for failing to properly respond to Columbia's discovery requests.
*3 From the denial of their motion for new trial, A & A appeal. They claim the imposed sanction prevents them from asserting their affirmative defenses in an action in which they could be found liable on a promissory note for the balance due plus interest which presently totals over $3,000,000. The sanction also prevents them from pursuing their reconvential demand against Columbia. Moreover, A & A contend that the trial court should have scrutinized whether the failure to adequately respond to the discovery request was attributable to them, or merely to their attorneys, Burglass and Freese. They claim the record does not indicate they personally participated in discovery. Nor does it show that they were served with the discovery requests or were present at the hearings where sanctions were imposed. Since the sanctions imposed against them are so severe, A & A argue that the record must contain evidence proving their personal fault. In the absence of such proof, they contend that they should not be personally penalized. We agree.
The trial court has much discretion in selecting appropriate sanctions for failure to comply with discovery orders. LSA.C.C.P. art. 1471; Rogers v. Charity Hosp. of Louisiana in New Orleans, 537 So.2d 1267 (La.App. 4th Cir.1989). The ultimate sanction is a dismissal with prejudice for a plaintiff or the issuance of a default judgment for a defendant. Lafourche Gas Corp. v. Daniel Oil Co., 484 So.2d 734 (La.App. 1st Cir.1986); Allen v. Smith, 390 So.2d 1300 (La.1980); Chandler v. Mallinckrodt, Inc., 527 So.2d 516 (La.App. 3d Cir.1988). These sanctions should be imposed for failure to comply with a discovery order only as a last resort and only after an opportunity to be heard has been afforded the litigant. Chandler v. Mallinckrodt, Inc., supra. Moreover, the record must show that the party was clearly aware that his noncompliance would result in the sanction and show that the party himself, and not merely his attorney, was at fault in failing to comply with the discovery order. Id.; Magri v. Westinghouse Elec., Inc., 590 So.2d 830 (La.App. 4th Cir. 1991). The record must establish that the noncompliance was due to the "willfulness, bad faith or fault" of the party himself as opposed to his counsel. Allen v. Smith, supra.; Lafourche Gas Corp. v. Daniel Oil Co., supra. If the record does not contain evidence that the noncompliance was attributable to the party's fault, the court has abused the wide discretion afforded it by LSA-C.C.P. art. 1471. Brumfield v. Lallie Kemp Charity Hosp., 551 So.2d 741 (La.App. 1st Cir.1989).
Even though the trial court did not specifically dismiss A & A's reconventional demand or issue a default judgment against them on the principal demand, its ruling has the equivalent effect. Cf. Skidmore v. Salvadras, 496 So.2d 435 (La.App. 1st Cir.1986). The record must therefore establish that the noncompliance with the December 14th discovery order was due to A & A's personal fault. The record, however, does not even reveal whether A & A were aware of the discovery requests and/or of the court's discovery order.
Since the record is silent on the issue of their personal willfulness, bad faith or fault for the noncompliance with the order, A & A correctly contend that the record does not justify the sanctions imposed. The trial court abused its discretion by issuing such a severe sanction against them and compounded the error by denying their motion for new trial.
For the foregoing reasons, we reverse the judgment of the trial court and grant A & A's motion for new trial. On remand, the trial court should determine who was at fault for the noncompliance with the discovery order and assess reasonable sanctions against the offender(s).[2] The parties are to bear their own appeal costs.
REVERSED.
*4 LOBRANO, Judge, concurs in part and dissents in part.
I concur in the reversal of that portion of the February 8, 1991 judgment which deprives appellants of the right to present affirmative defenses and their reconventional demand. There must be a showing of the personal fault of appellants, not their attorneys, before such a drastic remedy is imposed.
However, I would affirm the remainder of the judgment which imposes attorney fees, court costs and expenses for bringing the rule.

ON REHEARING
PER CURIAM.
The Resolution Trust Corporation (RTC), by way of a rehearing application, seeks clarification of this Court's opinion handed down September 17, 1992.
RTC, in its answer to the appeal, sought affirmation of the trial court judgment on the grounds of the Federal Holder in Due Course Doctrine, the D'Oench, Duhme Doctrine and 12 U.S.C. 1823(e). These arguments were raised at the trial level by RTC in its opposition to the motion for a new trial. The trial court declined to address these issues and merely denied the new trial. In addition, RTC filed in this Court an exception of lack of jurisdiction in response to the reconventional demand filed by appellants.
In our original opinion we instructed the trial court to consider the lack of jurisdiction argument. We referred to said argument as being raised by RTC in its answer to the appeal. This was incorrect. It was raised by way of exception. The aforementioned defenses were raised in the answer. In order to clarify our instructions to the trial court we amend our original opinion to provide as follows:
"The trial court is ordered to consider RTC's exception of lack of subject matter jurisdiction which is directed to appellant's reconventional demand. In addition the trial court is further ordered to consider the arguments raised by RTC in its opposition to the new trial motion. That is, the holder is further ordered to consider the arguments raised by RTC in its opposition to the new trial motion. That is, the holder in due course, D'Oench, Duhme doctrine."
Our original opinion is hereby amended accordingly.
NOTES
[1] Resolution Trust Corporation is the receiver for both "Old Columbia," Columbia Homestead Association, and "New Columbia," Columbia Federal Homestead Association. As receiver of New Columbia, it has been substituted as proper party plaintiff. As receiver of Old Columbia, it has been substituted as proper party defendant in reconvention.
[2] On remand, the trial court should also consider Columbia's declinatory exception which objects to the court's lack of jurisdiction over the subject matter of A & A's affirmative defenses and reconventional demand. Columbia raised this objection in its answer to A & A's appeal. We decline to address the issue, however, as it has not been considered by the trial court.