679 So.2d 176 (1996)
John J. WHELAN
v.
NEW ORLEANS OPERA ASSOCIATION/TRAVELERS.
No. 95-CA-2541.
Court of Appeal of Louisiana, Fourth Circuit.
July 31, 1996.
Galen S. Brown, Lamothe & Hamilton, A Professional Law Corporation, New Orleans, for Plaintiff/Appellant, John J. Whelan.
Jeffery Paul Robert, Law Firm of Grayson H. Brown, Baton Rouge, for Defendants/Appellees, New Orleans Opera Association and Travelers Insurance Company.
Before LOBRANO, LANDRIEU and MURRAY, JJ.
MURRAY, Judge.
John J. Whelan appeals the dismissal of his Worker's Compensation claim against his employer, New Orleans Opera Association (NOOA), and its insured, Travelers Insurance Company. The hearing officer dismissed the claim due to Mr. Whelan's failure to comply with a discovery order.
On December 21, 1992, John Whelan, a stagehand for NOOA, was unloading stage set pieces from a truck when a set piece fell and struck him on the head. He finished his shift that day, but was treated and released by Ochsner Hospital on December 24. A week after the accident, Mr. Whelan collapsed in a shopping center and was rushed to Pendelton Methodist Memorial Hospital where he was diagnosed as having a seizure disorder with a ringing enhancing lesion in the left temporal lobe. On January 5, 1993, he underwent surgery to remove a malignant brain tumor. According to his brief, Mr. Whelan has not been released to return to work. He required radiation treatment, chemotherapy *177 and subsequent surgeries, and has suffered permanent brain damage.[1]
On December 20, 1993, Mr. Whelan filed a claim with the Office of Worker's Compensation (OWC). NOOA denied the claim at the pre-trial mediation conference, which was held on May 10, 1994. On May 26, 1994, NOOA propounded interrogatories and requests for production of documents to Mr. Whelan. This discovery was not answered, and NOOA filed a rule to compel discovery on July 7, 1994. Hearing on the rule was held on August 10, 1994. Mr. Whelan's attorney informed the hearing officer that he was unable to communicate adequately with the client because of his condition. This was the reason for the failure to respond to discovery. The hearing officer gave Mr. Whelan 15 days to respond to the NOOA discovery, and warned that failure to comply with the order could result in sanctions. The officer did not specify what sanctions might be imposed.
Discovery responses were not forthcoming, and NOOA moved to dismiss Mr. Whelan's claim "with prejudice" on September 9, 1994. On September 19, without holding a contradictory hearing, the hearing officer issued an ex parte order dismissing the case "without prejudice". Counsel for Mr. Whelan filed a motion to reopen administrative proceedings or, in the alternative, a motion for a new trial on September 28, arguing that dismissal for Mr. Whelan's failure to respond timely to discovery was inappropriate because there had been no showing of ill will, bad faith or fault on his part. Although the hearing officer signed the order setting this motion for hearing, no date was fixed for the hearing nor was notice of a hearing sent to counsel for either party.
Defense counsel subsequently provided the hearing officer with a prepared judgment.[2] The order, which was signed on October 26, 1994, the same day it was submitted, dismissed the case "with prejudice". Mr. Whelan filed a motion and order for devolutive appeal from this Order. The order for appeal was signed on December 27, 1994.[3]
Mr. Whelan argues that the hearing officer abused its discretion in dismissing his claim with prejudice for failure to comply with discovery for several reasons: he was entitled to a hearing prior to dismissal; there was no showing that the failure to respond to discovery was due to his willfulness, bad faith or fault; neither he nor his attorney was advised that dismissal of his case was being considered as a possible sanction; and the defendants suffered no prejudice from the delay.[4] We agree.
The trial court is vested with much discretion in imposing sanctions for failure to comply with its discovery orders. However, this court has recognized that dismissal of a claim with prejudice, which is the ultimate sanction for a plaintiff, should be imposed for failure to comply with a discovery order only as a last resort, and only after the litigant has been afforded the opportunity to be heard. Columbia Homestead Ass'n v. Arnoult, 615 So.2d 1 (La.App. 4th Cir.1992). Furthermore, dismissal should be imposed only when the record establishes that the noncompliance was due to the willfulness, bad faith or fault of the party, not merely the attorney. Allen v. Smith, 390 So.2d 1300 (La.1980); Columbia Homestead Ass'n. at 3. Finally, the ultimate sanction should not be imposed unless the record shows that the plaintiff was clearly aware that noncompliance would result in this sanction. Columbia Homestead Ass'n. at 3; Fulgham v. An Unknown Police Officer, 480 So.2d 417 (La.App. 4th Cir.1985). The record in this case does *178 not reflect that either Mr. Whelan or his attorney was on notice that Mr. Whelan's claim would be dismissed with prejudice if the discovery responses were not forthcoming in accordance with the hearing officer's order. Nor does the record reflect that the failure to comply was due to the willfulness, bad faith or fault of Mr. Whelan. In fact, it suggests that it was attributable to Mr. Whelan's injury, which prevented his attorney from communicating with him. Finally, Mr. Whelan was not given an opportunity to be heard before his claim was dismissed.
For these reasons, we find that the dismissal of Mr. Whelan's claim with prejudice was an abuse of discretion. The judgment is reversed and this matter remanded for further proceedings.
REVERSED AND REMANDED.
NOTES
[1] Because of the posture of this appeal, Mr. Whelan's medical records are not in evidence.
[2] The letter transmitting this Order indicates that it was prepared by counsel for NOOA at the instruction of the hearing officer. Mr. Whelan's attorney alleges that he received the letter to the hearing officer and proposed Order on October 27, the day after the order was signed.
[3] On January 3, 1995, the hearing officer amended the October 26 order to provide that it was dismissed without prejudice. The parties agree that this amendment has no effect as the hearing officer was divested of jurisdiction upon the signing of the Order granting the devolutive appeal.
[4] Counsel advises that Mr. Whelan affirmed the discovery responses on October 29, 1994, and that these responses were hand delivered to counsel for NOOA on October 31, 1994.