913 So.2d 131 (2005)
MEDICAL REVIEW PANEL PROCEEDINGS OF Patricia PETER
v.
TOURO INFIRMARY, et al.
No. 2005-CA-0317.
Court of Appeal of Louisiana, Fourth Circuit.
July 6, 2005.
*132 Patricia Peter, New Orleans, LA, in Proper Person, Plaintiff/Appellant.
Kathryn M. Caraway, Peter E. Sperling, James P. Waldron, Frilot, Partridge, Kohnke & Clements, L.C., New Orleans, LA, for Defendant/Appellee.
(Court composed of Judge CHARLES R. JONES, Judge DENNIS R. BAGNERIS SR., and Judge LEON A. CANNIZZARO JR.).
CHARLES R. JONES, Judge.
This appeal arises out of the district court's dismissal of Patricia Peter's medical malpractice claim for her failure to comply with a discovery order. For the reasons assigned below, we affirm.

FACTS AND PROCEDURAL HISTORY
On April 14, 2003, the Appellant, Patricia Peter, filed a pro se complaint with the Louisiana Patient's Compensation Fund (hereinafter "PCF") against Touro Infirmary (hereinafter "Touro") and numerous physicians (collectively "the Appellees"). The complaint was based on the allegation that while Ms. Peter was a patient at Touro, on or about June 18, 2002, the attending physicians surgically removed and stole her twin babies. In response to the complaint, the Appellees filed a Petition for Discovery with the Civil District Court for the Parish of Orleans in accordance with La. R.S. 40:1299.47.
On July 23, 2003, Pius Obioha enrolled as counsel for Ms. Peter. On October 30, 2003, Touro's counsel forwarded correspondence to Mr. Obioha requesting that the claim be dismissed and enclosed copies of Ms. Peter's medical records indicating that she was not pregnant when she was admitted to Touro on June 18, 2002, and, in fact, that she had undergone a hysterectomy in 1979.
On December 16, 2003, the Appellees propounded interrogatories to Ms. Peter. After the statutory delays had passed for responses to the discovery, counsel for the Appellees scheduled a discovery conference for March 17, 2004. Neither Ms. *133 Peter nor her counsel, Mr. Obioha, appeared. A Motion to Compel was filed on May 14, 2004, and was heard by the district court on June 25, 2004. Mr. Obioha appeared on behalf of Ms. Peter. The Motion to Compel was granted. Ms. Peter was ordered to answer the interrogatories by July 15, 2004, or face dismissal of her case. The district court further ordered the appellant to pay $500.00 in attorney's fees and costs.
On July 15, 2004, counsel for the Appellees received unsigned responses to the interrogatories. Correspondence was issued to Mr. Obioha alerting him of his failure to sign the pleading and requesting that he resend a signed copy. He did not respond. On December 7, 2004, the Appellees filed a motion to dismiss based on Ms. Peter's failure to properly respond to discovery. The district court heard the motion on January 7, 2005. Mr. Obioha and Ms. Peter were present. Judgment was rendered on January 10, 2005, dismissing Ms. Peter's claims against the Appellees with prejudice. Reasons for judgment were not provided, and the record does not contain a transcript of the proceedings. On January 24, 2005, Ms. Peter filed this pro se appeal.[1]

DISCUSSION
At the outset, we note that Ms. Peter does not assert that the district court improperly dismissed her case for failure to comply with a discovery order. Instead, she argues that this case was improperly brought before the district court in an "illusion of discovery" [sic] and that the attorneys for the Appellees are in violation of "want of prosecution" [sic] because they failed to file an application with the PCF.
Ms. Peter argues two assignments of error: first, that the district court erred in allowing the Appellees' attorneys to proceed pursuant to La. R.S. 40:1299.47(D), in spite of the fact that the attorneys did not enter an appearance application with the PCF, and second, that the district court erred by taking the administrative procedure out from under the protection of the Administrative Act of the Medical Review Procedure (i.e., the district court lacked jurisdiction to conduct a hearing on discovery pursuant to La. R.S. 40:1299.41).
Regarding Ms. Peter's first assignment of error, after a review of the record and the pertinent jurisprudence, this matter was properly brought before the district court. It is well recognized in our jurisprudence that a party in a medical malpractice action may file a petition in the district court for the purpose of conducting discovery pursuant to La. R.S. 40:1299.47(D)(4). See Ferguson v. Sugar, 00-2528 (La.App. 4 Cir. 12/19/01), 804 So.2d 844; Solomon v. Medical Center of Louisiana at New Orleans, 97-0783 (La.App. 4 Cir. 5/14/97), 694 So.2d 1229. In the case of In Re Medical Review Panel of Hughes, 01-2313 (La.App. 4 Cir. 1/23/02), 807 So.2d 1074, 1076, where the plaintiff instituted a discovery action and the defendant doctor argued he should not be compelled to submit to discovery because he was not a party defendant to an action before a court, nor had he submitted to the jurisdiction of the court, this court recognized that "[t]he very purpose of La. R.S. 40:1299.47 is to allow parties to a medical malpractice review panel to conduct discovery." Accordingly, in the present case, there was no error in allowing the Appellees to proceed with discovery before the district court.
We also find no merit in Ms. Peter's second assignment of error that the *134 Appellees' attorneys were never recognized as attorneys of record because they failed to enter an appearance application with the PCF. We agree with the Appellees that there is no legal requirement that attorneys must officially enroll as counsel of record with the PCF, nor has Ms. Peter cited any law in support of this argument. Moreover, we fail to see how this argument is relevant to this appeal.
The relevant issue before us on appeal is whether the district court erred in dismissing Ms. Peter's claim for failure to comply with a discovery order. La. C.C.P. art. 1471(3) states that if a party fails to obey an order to provide or permit discovery, the court in which the action is pending may order that the action be dismissed. A trial judge has much discretion in imposing sanctions for failure to comply with a discovery order, and the judge's choice of sanctions will not be reversed absent a clear showing that the judge abused that discretion. Magri v. Westinghouse Elec., Inc., 590 So.2d 830, 831 (La.App. 4 Cir.1991); Fulgham v. An Unknown Police Officer, 480 So.2d 417, 418 (La.App. 4 Cir.1985).
There is a distinction between the sanctions available for failure to comply with discovery and the sanctions available for disobedience of court ordered discovery. Refusal to comply with court ordered discovery is a serious matter, and trial judges must have severe sanctions available to them to deter litigants from flouting discovery orders. Horton v. McCary, 93-2315 (La.4/11/94), 635 So.2d 199, 203.
However, this court has recognized that dismissal of a claim with prejudice, which is the ultimate sanction for a plaintiff, should be imposed for failure to comply with a discovery order only as a last resort, and only after the litigant has been afforded the opportunity to be heard. LeBlanc v. GMAC Financial Services, 97-0131 (La.App. 4 Cir. 5/28/97), 695 So.2d 1106, 1108; Columbia Homestead Ass'n v. Arnoult, 615 So.2d 1 (La.App. 4 Cir.1992). Furthermore, dismissal should be imposed only when the record establishes that the noncompliance was due to the willfulness, bad faith or fault of the party, not merely the attorney. Allen v. Smith, 390 So.2d 1300 (La.1980); Whelan v. New Orleans Opera Association/Travelers, 95-2541 (La.App. 4 Cir. 7/31/96), 679 So.2d 176, 177; Columbia Homestead Ass'n., 615 So.2d at 3. Finally, the ultimate sanction should not be imposed unless the record shows that the plaintiff was clearly aware that noncompliance would result in this sanction. Helm v. Mervyn's Dept. Store, 97-0547 (La.App. 4 Cir. 8/20/97), 699 So.2d 129, 130; Fulgham, 480 So.2d at 418.
The record in this case reveals that the district court entered an order compelling discovery on July 2, 2004, which specifically stated that the penalty for noncompliance would be dismissal of the action. Both Ms. Peter and Mr. Obioha were present at the hearing on the motion to dismiss, affording the district court the opportunity to hear from Ms. Peter and her counsel before ordering dismissal.[2] After a review of the record before us, and in considering the above jurisprudence, we find that the district court did not abuse its discretion in ordering the dismissal of Ms. Peter's action.
Considering our disposition in this appeal, Ms. Peter's Motion for Extension of Time is moot.

*135 DECREE
For the reasons assigned, we affirm the judgment of the district court dismissing Patricia Peter's action with prejudice.
AFFIRMED.
NOTES
[1] It appears that Mr. Obioha withdrew as counsel of record for the Appellant; however, the record does not contain a signed order from the district court.
[2] The judgment of January 10, 2005 does not clearly indicate that Ms. Peter was present at the hearing on the motion to dismiss, however, she does state in her appeal brief that she was present in open court with her attorney.