TOBIAS, J.,
Concurs and Assigns Reasons.
Ill respectfully concur.
I write separately to emphasize that under our jurisprudence an order of dismissal or another draconian sanction for failure to comply with court-ordered discovery is only allowed when the client, as distinguished from the client’s lawyer alone, has been notified in advance that the client’s case will be dismissed or other draconian sanction imposed if the discovery order is not complied with. See Horton v. McCary, 93-2315, p. 10 (La.4/11/94), 635 So.2d 199, 203. This can present a party’s counsel seeking the discovery in a difficult position because he/she may not have a way of notifying his/her opponent’s client directly without violating the Rules of Professional Conduct for communicating with his/her opponent’s client directly. The only practical way around the conundrum is for the party seeking compliance with a discovery order to obtain an order of court, preferably written, directing that service of the order requiring discovery be served upon the party from whom the discovery is sought. See Raspanti v. Litchfield, 05-1512, 06-033, p. 1 (La.App. 4 Cir.11/21/06), 946 So.2d 234, 245 (Tobias J., concurring).