<u>**NOT DESIGNATED FOR PUBLICATION**</u>

**STATE OF LOUISIANA**

**COURT OF APPEAL**

*PMc by JEW*

**FIRST CIRCUIT**

**2019 CA 0432**

**IN RE: MEDICAL REVIEW OF THOMAS J. SMITH, SR.**

**Judgment Rendered:** **JUN 0 1 2020**

\* \* \* \* \* \*

On Appeal from the Seventeenth Judicial District Court
In and for the Parish of Lafourche
State of Louisiana
Docket No. 131721

Honorable John E. LeBlanc, Judge Presiding

\* \* \* \* \* \*

| | |
|---|---|
| Carolyn S. Smith<br>Raceland, Louisiana | Plaintiff/Appellant<br>In Proper Person for Thomas<br>J. Smith, Jr. |
| Davita Robinson<br>Raceland, Louisiana | Plaintiff/Appellant<br>In Proper Person |
| Nadia de la Houssaye<br>Lafayette, Louisiana | Counsel for Defendant/Appellee<br>Ochsner Foundation Hospital |
| Barry J. Boudreaux<br>Houma, Louisiana | Counsel for Defendants/Appellees<br>David Pellegrin, MD, Gregory Maidoh, MD,<br>Mary Eschet, MD, and Cindy Wustell, RN |

\* \* \* \* \* \*

**BEFORE: McCLENDON, WELCH, AND HOLDRIDGE, JJ.**

*JEW*

*Welch J. concurs without reasons.*

*Holdridge J. agrees - part i dissents in part for reasons assigned.*

**McCLENDON, J.**

In this appeal, a plaintiff challenges the district court judgment that dismissed her claims against the defendant. For the following reasons, we affirm.

Carolyn S. Smith, as tutrix for Thomas J. Smith, Jr., commenced this action, in proper person, by filing a "Petition to Open Discovery Docket" in relation to a medical malpractice claim instituted before a medical review panel. Ms. Smith's medical malpractice claim apparently focused on the treatment provided to her husband, Thomas J. Smith, Sr., and named numerous defendants, including Ochsner Foundation Hospital (Ochsner). Thereafter, during the course of the discovery proceedings in the district court, Ochsner sought discovery through Ms. Smith. Despite being ordered by the district court to comply with discovery, Ms. Smith failed to do so. On January 25, 2019, the district court signed a judgment granting Ochsner's motion for contempt and dismissing Ms. Smith's claims with prejudice at her cost. Ms. Smith has appealed the January 25, 2019 judgment.

A contempt of court is any act or omission tending to obstruct or interfere with the orderly administration of justice, or to impair the dignity of the court or respect for its authority. LSA-C.C.P. art. 221. Authority to punish for contempt of court falls within the inherent power of the court to aid in the exercise of its jurisdiction and to enforce its lawful orders. **Rogers v. Dickens**, 06-0898 (La.App. 1 Cir. 2/9/07), 959 So.2d 940, 945-46. Louisiana Code of Civil Procedure article 224 defines a constructive contempt of court as any contempt other than a direct one, including the "[w]illful disobedience of any lawful judgment, order, mandate, writ, or process of the court." LSA-C.C.P. art. 224(2).

A trial court is vested with great discretion in determining whether a party should be held in contempt, and its decision will only be reversed when the appellate court discerns an abuse of that discretion. **Rogers**, 959 So.2d at 945. Although a district court has discretion to determine whether to find a person guilty of constructive contempt of court, a finding that a person wilfully disobeyed a court order in violation of LSA-C.C.P. art. 224(2) must be based on a finding that the accused violated an order of the court "intentionally, knowingly, and purposefully, without justifiable excuse." **Lang**

2

**v. Asten, Inc.**, 05-1119 (La. 1/13/06), 918 So.2d 453, 454 (per curiam). See also **Rogers**, 959 So.2d at 945.

In this matter, Ochsner propounded "Interrogatories and a Request for Production of Documents" to Ms. Smith on March 16, 2017. Ms. Smith failed to provide any discovery responses, and on March 22, 2018, Ochsner filed a motion to compel pursuant to LSA-C.C.P. art. 1469, requesting an order compelling Ms. Smith to respond to the discovery requests. Ms. Smith was present at the May 24, 2018 hearing. The district court granted Ochsner's motion to compel and signed a judgment on June 27, 2018, ordering Ms. Smith to respond to the discovery requests within 90 days, and no later than August 22, 2018. The judgment also provided that failure to respond to Ochsner's discovery request "may result in dismissal of plaintiffs' claim."

Ms. Smith failed to comply with the judgment of the district court, and on October 1, 2018, Ochsner filed a "Motion for Contempt." Ochsner argued that Ms. Smith had not responded to the discovery requests, that it was evident that she did not intend to fully comply with the court's June 27, 2018 judgment, and that Ms. Smith's failure to comply prevented it from adequately preparing for the defense of the matter. Accordingly, Ochsner requested dismissal of Ms. Smith's claim pursuant to LSA-C.C.P. art. 1471.[1]

At the hearing on the motion for contempt, the district court addressed Ms. Smith, stating in part:

> I rendered the judgment on May 24[th] ordering you to comply ... with a discovery request. I granted the Motion to Compel. I ordered you to comply and to respond to discovery within 90 days -- three months. It was sufficient. Once again, you have treated this defendant as you have treated all the others by total noncompliance with a court order, and assert criminal rules and criminal exceptions and the Constitution with

---

[1] Louisiana Code of Civil Procedure article 1471 provides, in relevant part:

> A. If a party ... fails to obey an order to provide or permit discovery, including an order made under ... Article 1469, the court in which the action is pending may make such orders in regard to the failure as are just, including any of the following:
>
> ***
>
> (3) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or **dismissing the action or proceeding or any part thereof**, or rendering a final default judgment against the disobedient party upon presentation of proof as required by Article 1702.

(Emphasis added).

regard to the criminal actions as a justification for total disregard for a valid court order. I find you in contempt. The sanction for the contempt, because you failed to comply, your thwart ... of ... the moving forward of a civil matter by your constant failure to comply with court orders, the only remedy that I can think that is appropriate is to dismiss your action against Ochsner at your cost.[2]

After a thorough review of the record, we can find no error in the district court's determination that Ms. Smith intentionally, knowingly, and purposefully, without justifiable excuse, violated the court's order. Therefore, we find no abuse of discretion by the district court in finding Ms. Smith in contempt of court and dismissing her action against Ochsner with prejudice at her cost. While we acknowledge that the sanction of dismissal is reserved for the most culpable conduct, we cannot say that the trial court abused its discretion under the specific facts of this case. Accordingly, we affirm the January 25, 2019 judgment, and we issue this memorandum opinion pursuant to Uniform Rules – Courts of Appeal, Rule 2-16.1B. All costs of this appeal are assessed to Carolyn S. Smith.

**AFFIRMED.**

---

[2] We note that the trial court previously dismissed Ms. Smith's claims with prejudice against the defendants, Tulane University Hospital & Clinic, Ochsner St. Anne General Hospital, Craig Walker, M.D., Anil Chagarlamudi, M.D., Kenneth Wong, M.D., and the Cardiovascular Institute of the South, based on Ms. Smith's failure to comply with previous discovery orders issued by the trial court.

IN RE: MEDICAL REVIEW                    STATE OF LOUISIANA
OF THOMAS J. SMITH, SR.
                                         COURT OF APPEAL

                                         FIRST CIRCUIT

                                         NO. 2019 CA 0432


**HOLDRIDGE, J., affirming in part and dissenting in part.**

I agree in part and dissent in part. I agree that the trial court was correct in holding the plaintiff and probably his wife, who are self-represented litigants, in contempt. I disagree with imposing the sanction of dismissal of the case with prejudice. Louisiana Code of Civil Procedure article 1471 provides in subsection (A)(4) that in lieu of any of the sanctions of 1471 "or in addition thereto" an order of contempt may be issued for the failure to obey an order by the trial court compelling discovery. While the defendant's motion is titled a "Motion for Contempt", it appears from its content that the defendant is asking for both contempt and sanctions under article 1471. While the trial court acted correctly in finding the plaintiff in contempt, the court was not correct in imposing the sanction of dismissal with prejudice of the case. The Supreme Court in Horton v. McCary, 635 So.2d 199, 200 (La. 1994) acknowledged that "dismissal ... [is a] draconian penalt[y] which should be applied only in extreme circumstances." The Supreme Court further stated in Horton that "those sanctions are generally reserved for the most culpable conduct." Courts have also held that the ultimate sanction (dismissal with prejudice) should not be imposed unless the record shows that the plaintiff was clearly aware that noncompliance would result in the sanction of dismissal. See Medical Review Proceedings of Peter v. Touro Infirmary, 2005-0317, (La. App. 4 Cir. 7/6/05), 913 So.2d 131, 134; Duffy v. Pendleton Memorial Methodist Hosp., 2010-0660 (La. App. 4 Cir. 12/8/10), 53 So.3d 636, 639; and Rodriquez-Zaldivar v. Leggett, 2018-0410 (La. App. 4 Cir. 1/23/19), 2019 WL

302223, at *4 (unpublished) (which held that evidence must be introduced at the hearing and "[a]rguments of counsel in briefs or memoranda are not evidence."

In this case, I can find no evidence in the record wherein the plaintiff was warned that if she did not comply with the discovery order that her case would be dismissed with prejudice in accordance with Louisiana Code of Civil Procedure article 1471(A)(3). I would hold that in the case of a self-represented litigant, it is essential that the litigant be informed that a failure to comply with a discovery order may be grounds for dismissing her lawsuit before that sanction is applied. In all of the cited cases, the plaintiff and his attorney were both notified that the failure to comply with a discovery order could result in the dismissal of the case. See Quinn v. Palmer, 2019-1009 (La. App. 4 Cir. 3/25/20), 2020 WL 1473439, at *2-3 (unpublished) (wherein the trial court provided notice signed by all parties and counsel that if a party failed to comply with a pre-trial order, "the court, on its own motion, or on the motion of a party, after hearing, may make such orders as are just, including orders provided in La. C.C.P. art. 1471 (2), (3), and (4).") Furthermore, I would hold that in any event, the less drastic sanction of dismissal without prejudice would be the correct sanction in light of the fact that the plaintiff was self-represented. See Carr v. GEICO Casualty Company, 2019-0310 (La. App. 4 Cir. 10/16/19), 2019 WL 5232514, at *6 (unpublished).