JOY COSSICH LOBRANO, Judge.
| plaintiff, James Murungi, appeals the January 3, 2012 trial court judgment, denying his motion for summary judgment, and granting the motion to dismiss filed by defendant, Touro Infirmary. The judgment dismissed plaintiff’s case with prejudice, and also decreed that plaintiffs second motion to compel and plaintiffs ex parte motion to show cause why Touro’s November 2, 2011 letter to the court and alleged affirmative defenses should not be stricken were rendered moot. For reasons that follow, we affirm.
On November 29, 2010, plaintiff filed suit against Touro Infirmary, Lee B. Han-kins and Raquel S. Margulis, alleging claims arising pursuant to La. R.S. 23:967, the Louisiana Whistleblower Statute. This statute provides protection to an employee against reprisal from an employer for reporting or refusing to participate in illegal work practices. Beard v. Seacoast Elec., Inc., 2006-1244, p. 3 (La.App. 4 Cir. 1/24/07), 951 So.2d 1168, 1170. On April 26, 2011, Touro filed a motion to compel answers to first interrogatories and first requests for production of documents, which were propounded on plaintiff on February 24, 2011. In this | .¿motion, Touro asserted that plaintiff neither answered nor objected to the discovery requests within the delays allowed by law and did not ask for an extension of time to respond. On June 13, 2011, the trial court granted Touro’s motion to compel, and ordered plaintiff to provide responses to Touro’s discovery requests by July 5, 2011.
On August 9, 2011, Touro filed a second motion to compel answers to its first interrogatories and first requests for production of documents. In this motion, Touro referenced the trial court’s order of June 13, 2011, ordering plaintiff to provide responses to Touro’s discovery requests by July 5, 2011. Touro asserted that on July 6, 2011, plaintiff provided his responses to the discovery requests, but refused to answer several of the requests and/or provided deficient answers to other requests. On July 15, 2011, Touro wrote to plaintiff notifying him that his answers to the discovery requests were deficient. Counsel for Touro stated in the motion that she asked plaintiff to contact her before July 22, 2011 for a Rule 10.1[1] discovery conference to discuss the deficiencies. However, plaintiff failed to contact counsel for Touro regarding the Rule 10.1 discovery confer *1252 ence and has not provided supplemental discovery answers. The trial court issued a rule for plaintiff to show cause on September 23, 2011 why he should not be ordered to respond to Touro’s second motion to compel.
After several continuances, a hearing on Touro’s second motion to compel was held on October 21, 2011. Following that hearing, the trial court rendered | ¡judgment on November 2, 2011, granting Touro’s second motion to compel and ordering that the plaintiffs responses and signed authorization forms permitting the release of certain documents were to be provided to Touro no later than 14 days from the date of the hearing, or by November 4, 2011. In the judgment, the trial court stated that plaintiffs failure to respond to these discovery requests and submit signed authorizations could result in the dismissal of his case.
On November 30, 2011, Touro filed a motion to dismiss plaintiffs lawsuit, asserting that plaintiff had ignored the trial court’s November 2, 2011 order to submit responses and signed authorizations by November 4, 2011. Touro argued that pursuant to La. C.C.P. article 1471(A)(3), plaintiffs case should be dismissed with prejudice. Following a hearing on December 16, 2011, the trial court rendered judgment on January 3, 2012, granting Touro’s motion to dismiss, and dismissing plaintiffs case with prejudice, with each party to bear his or its own costs. In that same judgment, the trial court denied plaintiffs motion for summary judgment, finding that summary judgment was inappropriate because the issues argued by plaintiff in his motion were factual disputes.[2] The trial court also decreed that two motions filed by plaintiff against Touro were rendered moot by the decision to dismiss plaintiffs case. Those two motions were a second motion to compel and an ex parte motion to show cause why Touro’s November 2, 2011 letter to the court and alleged affirmative defenses should not be stricken from the record. Plaintiff now appeals the judgment of January 3, 2012.
|4On appeal, the plaintiff argues that the trial court improperly dismissed his case with prejudice. Plaintiff also alleges misconduct by defense counsel during the discovery process, but those allegations are completely unsubstantiated by the record.
Touro’s motion to dismiss was based on La. C.C.P. article 1471(A)(3), which states as follows:
A. If a party or an officer, director, or managing agent of a party or a person designated under Article 1442 or 1448 to testify on behalf of a party fails to obey an order to provide or permit discovery, including an order made under Article 1464 or Article 1469, the court in which the action is pending may make such orders in regard to the failure as are just, and among others any of the following:
⅜ ⅜ ⅝ ⅝ ⅝ ¾:
(3) An order striking out pleadings or parts- thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party.
*1253 In At Your Service Enterprises, Inc. v. Swope, 07-1620, p. 8 (La.App. 4 Cir. 1/14/09), 4 So.3d 138, 143, this Court addressed the sanction of dismissal for failure to comply with court-ordered discovery, as follows:
“There is a distinction between the sanctions available for failure to comply with discovery and the sanctions available for disobedience of court ordered discovery.” Medical Review Panel Proceedings of Peter v. Touro Infirmary, 2005-0317, p. 4 (La.App. 4 Cir. 7/6/05), 913 So.2d 131, 134 (emphasis added). “Refusal to comply with court ordered discovery is a serious matter, and trial judges must have severe sanctions available to them to deter litigants from flouting discovery orders.” Id. (citing Horton v. McCary, 93-2315 (La.4/11/94), 635 So.2d 199, 203).
| .^Dismissal is a severe penalty, however, and should be imposed as a last resort, and only after the litigant has been afforded the opportunity to be heard. Id. Dismissal is appropriate when a party is aware that noncompliance with discovery requests will result in a dismissal. Raspanti v. Litchfield, 2005-1512, p. 10 (La.App. 4 Cir. 11/21/06), 946 So.2d 234, 241 (quoting Helm v. Mervyn’s Dep’t Store, 97-0547 (La.App. 4 Cir. 8/20/97), 699 So.2d 129, 131). Finally, when a plaintiff’s claims are dismissed pursuant to La.Code Civ. Proc. art. 1471, an inquiry should generally be made into whether the noncompliance was associated with willfulness, bad faith or fault of the party, and not merely the attorney. Raspanti, 05-1512, p. 10, 946 So.2d at 241.
A trial court has much discretion in imposing sanctions for failure to comply with discovery orders, and its ruling should not be reversed absent an abuse of discretion. Hutchinson v. Westport Ins. Corp., 04-1592, p. 2 (La.11/8/04), 886 So.2d 438, 440.
The record shows that the plaintiff, who has represented himself throughout this litigation, has demonstrated a pattern of willful refusal to adequately and timely respond to discovery requests propounded on him by Touro. The trial court granted two motions to compel discovery filed by Touro, and ordered plaintiff to submit responses to those discovery requests. Plaintiff was present in court for both the June 3, 2011 and October 21, 2011 hearings, at which the trial court rejected plaintiff’s reasons for not complying with the discovery requests and ordered him to do so by certain dates.
At the October 21, 2011 hearing on Tou-ro’s second motion to compel, the trial court clearly conveyed to the plaintiff that his case would be dismissed if he did not provide responses to Touro’s discovery requests by November 4, 2011. When plaintiff argued that he had given Touro all of the documents asked for that were in his possession, the trial court stated that from what she could determine | fifrom the record, plaintiff had not answered all of the questions asked of him by Touro. The trial court told plaintiff that if he had an attorney representing him, she probably would have dismissed his case at that time. However, because plaintiff was representing himself, the trial court agreed to give him one more chance to comply, but stated:
But, you’ve got to answer them, or I’m going to dismiss the case. I don’t have any choice [but] to , do that. This has been since April, and it’s not fair to them.
Despite the trial court’s warning to plaintiff that he risked having his case dis *1254 missed if he did not provide responses to Touro’s discovery requests, the record shows that plaintiff failed to comply with the terms of the trial court’s November 2, 2011 order, which was rendered following the October 21, 2011 hearing.
After careful review of the record in this matter, we find no abuse of the trial court’s discretion in granting Touro’s motion to dismiss plaintiffs case with prejudice. Because the granting of Touro’s motion to dismiss resulted in the dismissal of plaintiffs case in its entirety, we also find no abuse of discretion in the trial court’s dismissal as moot of plaintiffs second motion to compel and motion to strike Touro’s November 2, 2011 letter to the court.
For the reasons stated above, the trial court judgment is affirmed.
AFFIRMED

. Louisiana District Court Rules.

. Plaintiff’s brief does not include any arguments regarding the trial court’s denial of his motion for summary judgment. Issues not briefed are deemed abandoned. Uniform Rules — Courts of Appeal, Rule 2-12.4.