| RAMELLI JANITORIAL | * | NO. 2023-CA-0128 |
|---|---|---|
| SERVICE, INC. | | |
| | * | |
| VERSUS | | COURT OF APPEAL |
| | * | |
| IV WASTE, L.L.C. | | FOURTH CIRCUIT |
| | * | |
| | | STATE OF LOUISIANA |

\* \* \* \* \* \* \*

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2020-03606, DIVISION "J"
Honorable D. Nicole Sheppard,
\* \* \* \* \* \*
**Chief Judge Terri F. Love**
\* \* \* \* \* \*
(Court composed of Chief Judge Terri F. Love, Judge Sandra Cabrina Jenkins, Judge Karen K. Herman)


E. John Litchfield
Michael J. Marsiglia
BERRIGAN LITCHFIELD, LLC
111 Veterans Memorial Blvd., Suite 1720
Heritage Plaza
Metairie, Louisiana 70005

AND

Richard C. Stanley
Jennifer L. Thornton
Patrick M. Bollman
STANLEY REUTER ROSS THORNTON & ALFORD, L.L.C.
909 Poydras Street, Suite 2500
New Orleans, LA 70112

      COUNSEL FOR DEFENDANT/APPELLANT, IV WASTE, L.L.C.

Patrick S. McGoey
Andrea V. Timpa
SCHONEKAS EVANS McGOEY & McEACHIN, L.L.C.
909 Poydras Street, Suite 1600
New Orleans, LA 70112

AND

Michael Thomas
Michael A. Thomas, Attorney at Law, LLC
112 Holly Drive
Metairie, Louisiana 70005

COUNSEL FOR PLAINTIFF/APPELLEE, RAMELLI JANITORIAL SERVICE, INC.

**AFFIRMED**
**DECEMBER 8, 2023**

*TFL*

*SCJ*

*KKH*

This appeal arises from contempt proceedings stemming from litigation surrounding the City of Kenner's decision to switch municipal garbage service providers. The original provider, Ramelli Janitorial Service, Inc. ("Ramelli"), filed suit against the subsequent provider, IV Waste, L.L.C. ("IV Waste"), alleging poaching, unfair trade practices, and conversion. Following issues with discovery, the trial court granted Ramelli's Second Motion for Contempt and awarded attorney's fees for IV Waste's lack of compliance with previous court orders.

Upon review, the trial court afforded IV Waste opportunities to comply with discovery orders, which IV Waste did not. As such, the trial court did not abuse its discretion by holding IV Waste in contempt. Further, we find the trial court did not abuse its discretion by awarding $18,412.00 in attorney's fees. The judgment of the trial court is affirmed.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In 2020, the City of Kenner decided to employ IV Waste as the municipal garbage services provider, replacing Ramelli. Following disputes regarding the transfer of services and alleged interference with Ramelli's business and property by IV Waste, Ramelli filed suit against the City of Kenner in Jefferson Parish.

1

In Orleans Parish, Ramelli filed a Verified Petition for Temporary Restraining Order, Injunctive Relief, and Damages, seeking a temporary restraining order ("TRO") to enjoin, restrain, and prohibit IV Waste "from using, accessing, or interfering with any and all Ramelli owned roll-out carts, dumpsters, or other garbage containers." The petition also alleged IV Waste committed unfair trade practices and conversion.[1] The TRO was granted. About a week later, Ramelli filed a Motion for Contempt of Temporary Restraining Order for IV Waste's alleged violations of the TRO.[2]

Ramelli filed a Motion to Compel Discovery Responses and for Attorney's Fees and Costs on July 24, 2020. The trial court conducted a hearing and granted the Motion to Compel. The trial court provided that the request for attorney's fees could be re-urged. After the hearing on the Motion to Compel, Ramelli provided a list of search terms for IV Waste, and received nine e-mails and two insurance policies in response. As a result, on November 9, 2020, Ramelli filed a Motion for Contempt of Judgment Ordering Discovery for Forensic Examination of Electronically Stored Information and for Attorney's Fees and Costs, contending IV

---

[1] During the hearing on Ramelli's Motion to Compel, counsel outlined Ramelli's claims as follows:

> Generally speaking, you know, this is an unfair trade practice claim. We contend that IV Waste unethically and illegally stole the contract that Ramelli had with the City of Kenner for itself. We contend that they contracted with our consultant. They contracted and contacted the City of Kenner to negotiate a contract. They recruited our employees while they still worked for Ramelli. They received an illegal contract, where a court has already found to be illegal, and that resulted in Ramelli being removed from the contract in Kenner — illegally I might add. And after that, they went on a smear campaign having employees provide false information to WWL.

[2] IV Waste filed a Reconventional Demand against Ramelli for unfair trade practices in Jefferson and Orleans Parishes. Ramelli filed Exceptions of Prescription and No Cause of Action. The trial court granted the Exception of Prescription as to IV Waste's claims in Orleans Parish and dismissed those claims.

Waste failed to comply with the trial court's judgment on the Motion to Compel. The trial court granted the Motion for Contempt, but deferred the issue of attorney's fees.

Ramelli filed a Second Motion for Contempt of Discovery Orders, Sanctions, and Attorney's Fees. The trial court signed a judgment granting the Second Motion for Contempt, struck portions of IV Waste's defenses, ordered all found documents be turned over to Ramelli, and awarded Ramelli $35,000 in attorney's fees. IV Waste filed a Motion for New Trial, asserting that the trial court signed the incorrect judgment unilaterally prepared by counsel for Ramelli. The trial court granted the Motion for New Trial. After a subsequent hearing, the trial court granted the Second Motion for Contempt in part and denied it in part, and awarded Ramelli $18,421.00 in attorney's fees. IV Waste's Motion for Suspensive Appeal followed.

IV Waste avers the trial court erroneously found constructive contempt and abused its discretion by awarding $18,421.00 for attorney's fees.

### *STANDARD OF REVIEW*

This Court previously examined our role when reviewing matters of contempt regarding discovery orders as follows:

> An Appellate Court reviews a trial court's finding of contempt under a manifestly erroneous standard of review. *State through Dep't of Children & Family Servs. Child Support Enf't. v. Knapp,* 2016-0979, p. 11 (La.App. 4 Cir. 4/12/17), 216 So.3d 130, 139. A trial court is accorded great discretion in determining whether to hold a party in contempt of court. *Joseph v. Entergy*, 2007-0688, p. 7 (La.App. 4 Cir. 12/5/07), 972 So.2d 1230, 1236. This discretion is further vested in the trial court when imposing sanctions for failing to comply with discovery orders. *Raspanti v. Litchfield*, 2005-1512, pp. 9-10 (La.App. 4 Cir. 11/21/06), 946 So.2d 234, 241. "Thus, appellate courts do not reverse the trial court's imposition of sanctions absent an abuse of discretion." *Id.*

3

*S. Aggregates, LLC v. Baker*, 19-0986, p. 4 (La. App. 4 Cir. 4/8/20), 294 So. 3d 1076, 1079.

"A trial court's award of attorney fees is reviewed using an abuse of discretion standard." *Greenblatt v. Sewerage & Water Bd. of New Orleans*, 19-0694, p. 12 (La. App. 4 Cir. 12/20/19), 287 So. 3d 763, 771. "The Louisiana Supreme Court stated that in applying the standard, 'the role of the reviewing court is not to determine what it considers to be an appropriate award, but rather it is to review the exercise of discretion by the trier-of-fact.'" *Id.* (quoting *Covington v. McNeese State Univ.*, 12-2182, p. 11 (La. 5/7/13), 118 So. 3d 343, 351).

### *CONTEMPT*

IV Waste asserts the trial court "committed reversible error by holding IV Waste in constructive contempt" for noncompliance with the first contempt judgment and "by holding IV Waste in constructive contempt of court for disobeying verbal orders given during a status conference that are not transcribed or memorialized in a written order or judgment" because "Ramelli introduced no evidence at the hearing and the record does not support the required finding of 'willful' disobedience of an order." To discern whether IV Waste's assertions have merit, we must examine the circumstances leading up to the Second Motion for Contempt.

### *Motion to Compel*

Ramelli filed the First Interrogatories and Requests for Production of Documents on June 10, 2020. Ramelli's Motion to Compel Discovery Responses and for Attorney's Fees and Costs followed on July 24, 2020, contending that IV Waste deficiently responded to their discovery requests with bad faith objections and only produced seven documents. Specifically, Ramelli requested:

4

> (1) overruling all of IV Waste, LLC's objections to the discovery;
> (2) compelling IV Waste, LLC to amend its written responses to Ramelli Janitorial Service, Inc.'s discovery to provide full and complete answers and to produce all responsive documents;
> (3) ordering IV Waste, LLC to provide a sworn verification of the Interrogatories;
> (4) ordering IV Waste, LLC to pay all reasonable costs, including attorney's fees, that Ramelli Janitorial Service, Inc. has incurred in connection with this Motion; and
> (5) for such other and further relief as is appropriate under the circumstances.

IV Waste countered that this was a "rushed motion to compel."

The trial court conducted a hearing and granted the Motion to Compel.[3] Ramelli was ordered "to provide reasonable search terms to the Defendant for searching emails and electronic data, and Defendant shall search for responsive electronic information and supplement its discovery responses by October 16, 2020." The trial court provided that the request for attorney's fees could be re-urged.

### *First Motion for Contempt*

After the hearing on the Motion to Compel, Ramelli provided a list of search terms for IV Waste to utilize when searching for documents/e-mails that were responsive to discovery requests. IV Waste produced two insurance policies and nine responsive e-mails once the search was completed. As a result, on November 9, 2020, Ramelli filed a Motion for Contempt of Judgment Ordering Discovery for Forensic Examination of Electronically Stored Information and for Attorney's Fees and Costs. Ramelli maintained that hundreds of e-mails between the City of Kenner, IV Waste, and IV Waste employees were produced in related litigation. Thus,

---

[3] The written judgment was signed October 21, 2020.

Ramelli contended it was obvious IV Waste failed to comply with the trial court's judgment on the Motion to Compel.

IV Waste averred that it fully complied with the trial court's order. IV Waste asserted that it searched the e-mail accounts requested by Ramelli using the search terms provided. IV Waste stated it did "not know why a few select emails were not discovered during IV Waste's search of its electronic records, but not locating said emails does not mean IV Waste . . . violated this Court's order."

Ramelli countered that counsel for IV Waste admitted in correspondence "that it searched only 24 of the 37 search terms provided, even though it had not previously voiced any objection to any of the terms" and that "counsel admitted that it did not search Mr. Torres' IV Waste email account at all."

During the hearing, counsel for Ramelli averred:

> So we're asking for an order under Code of Civil Procedure Article 1462.E to require a computer expert to access his computers and cell phones to search for discoverable evidence, to copy the discoverable evidence, and to sample and test whether or not he's destroyed any evidence or emails since the pendency of this lawsuit. That's provided for in the Code of Civil Procedure.

IV Waste responded that:

> All of the email addresses that Ramelli asked for us to search were searched. Documents that were — that were responsive were produced, and they were produced timely. Everything that this Court has ordered and even everything that this Court has not ordered, IV Waste has complied with.
>
> *          *          *
>
> We submit. Your Honor, that, as I mentioned before, the standard for a violation of a contempt, it has to be willful. Your Honor. If one email wasn't found, if two emails wasn't [sic] found, it wasn't because it was — somebody was willfully doing something, okay? The Court — we have not violated — IV Waste has not

6

violated any order specifically, and, in fact, has complied fully with it.

Despite IV Waste's insistence, Ramelli informed the trial court:

> Judge, what I'm going to say, I don't say lightly, but Mr. Marsiglia needs to be called out because what he has represented to this Court is not accurate. I have over — I have 516 emails from the City of Kenner con — from either Mr. Torres, Ms. Tufaro, or Ms. Chaisson. On those emails —Mr. Litchfield is on some of those emails. Mayor Zahn is on some of those emails.
>
> I have a February 14th email titled "IV Contract," and on that is Mr. Rapier, Julie Tufaro, Mr. Litchfield. I've got Sidney Torres, Ben Zahn, and Nicky Nicolosi circulating proposed contracts on February 6th. I have the emails. Not only do they exist, they are at IV Waste and they are on Mr. Litchfield's servers, counsel for IV.
>
> There — they have produced — you know, this argument that they say they produced lots of emails; no. They produced nine of them. Judge. I've included every email they've produced in my motion for contempt. It's contained in Exhibit F. They have flatout — if Mr. Marsiglia did the searches, he doesn't know how to do a search or they have deleted them. But I have the emails. I received them on October 27th from the City of Kenner.

The trial court stated, "I'm concerned that if you ran the search terms then where's the disconnect on providing the information?" IV Waste responded that they were also attempting to find the disconnect. Ultimately, the trial court granted the Motion for Contempt, and the written judgment read as follows:

> **IT IS FURTHER ODERED [sic], ADJUDGED, AND DECREED** that the Motion for Contempt of Judgment Ordering Discovery, For Forensic Examination of Electronically Stored Information, and for Attorney's Fees and Costs filed by plaintiff, Ramelli Janitorial Service, Inc., is granted, as follows:
>
> The Court hereby orders that, pursuant to Louisiana Code of Civil Procedure article 1462(E), defendant, IV Waste, LLC, shall submit all computers and cell phones in its possession or the possession of Sidney Torres and Julie Tufaro, for forensic examination and search by the Court-

7

appointed expert, Computer Networking Management, Inc. for the purpose of locating electronically stored information using the search terms and instructions submitted via letter pursuant to the Court's October 21, 2020 Judgment on Motion to Compel and attached hereto as Exhibit "A." The expert shall provide a written report of the findings of his examination to the Court and counsel for the parties that contains details concerning the computers and phones he searched, a complete listing of all emails, text messages, and electronic files from January 1, 2020 to present that he located on Defendants' computer and cell phones that contain any search term contained on Exhibit "A." Additionally, the report shall reflect if any responsive files have been deleted and the date of the deletion. All fees and costs of the expert shall be paid by defendant, IV Waste, LLC.

The Court defers ruling on the request of plaintiff, Ramelli Janitorial Service, Inc., for an award of attorney's fees and costs pursuant to Louisiana Code of Civil Procedure article 1471(C) until the forensic examination and report of the expert is complete, at which time Ramelli Janitorial Service, Inc. may re-urge its request.

## Second Motion for Contempt

On September 28, 2021, Ramelli filed a Second Motion for Contempt of Discovery Orders, Sanction, and Attorney's Fees, which alerted the trial court that the court-appointed expert had identified "69,000 responsive documents," but that IV Waste had yet to produce any of the identified documents. Ramelli sought:

1. Finding IV Waste, LLC in contempt of the Court's April 1, 2021 Judgment;
2. Finding IV Waste, LLC in contempt of the Court's orders given at the August 5, 2021 status conference, namely the Court's order that IV Waste, LLC provide a privilege log to plaintiff by August 12, 2021 and produce all non-privileged documents identified by the court appointed IT expert to plaintiff by August 19, 2021;
3. Striking IV Waste, LLC's denials and affirmative defenses contained in its Answer that it did not illegally use plaintiff's property or use any "unfair" or "unethical" means of competition, and that at all times IV Waste, LLC acted in "good faith;"
4. Prohibiting IV Waste, LLC from putting on any evidence of these defenses;

5. Ordering that designated facts, including that IV Waste, LLC knowingly and illegally used plaintiff's property to perform its contract and engaged in unfair and unethical conduct in competition with plaintiff, should be deemed established for the purposes of this action;

6. Ordering IV Waste, LLC to immediately produce all documents identified and recovered by the Court's IT expert;

7. Ordering, IV Waste, LLC to immediately pay Plaintiff's attorneys fees incurred regarding this discovery dispute in the total sum of $30,518; and

8. For such other and further relief as is appropriate under the circumstances.

In opposition, IV Waste maintained that it complied with the trial court's orders and instructions from the telephone status conference, but that a "difference of understanding regarding production of Mr. Blanchard's[4] search results" occurred. IV Waste's opposition outlined its responsibilities from the August 5, 2021 telephone status conference as follows:

1. For IV Waste to produce the Excell [sic] spreadsheets created by Mr. Blanchard from his search of IV Waste's records by August 12, 2021, and;

2. For IV Waste to produce a privilege log by August 12, 2021; and,

3. For counsel for IV Waste to schedule a time with Mr. Blanchard to discuss technical aspects of how to pull records from the file he created so documents may be produced on August 19, 2021.

IV Waste contended an August 12, 2021 conference call between itself, Ramelli, and Mr. Blanchard descended into disagreement regarding which documents should be produced and how to extract them from the flash drives given to IV Waste and the trial court. After the call, IV Waste e-mailed the trial court requesting a status conference for clarity. No status conference was held.

At the hearing, Ramelli urged the trial court to take note that IV Waste did not

---

[4] Court-appointed technology expert.

comply with Louisiana's rules for creating a privilege log. Ramelli stated that IV Waste "just highlighted documents on a spreadsheet and said these are privileged, they didn't identify the privilege." The trial court judge asked if IV Waste had turned over any e-mails recovered by Mr. Blanchard that were not privileged. After learning that Ramelli had not received any e-mails, the trial court judge stated, "they were supposed to note what was privileged and then submit the non-privileged information to you all." After confirming that IV Waste had not produced anything further, the trial court asked why. IV Waste responded that it had trouble pulling the documents from the flash drive. Then, IV Waste informed the trial court that it requested a status conference by e-mail to settle the matter, the trial court asked if IV Waste filed a motion for a status conference. IV Waste admitted that no motion to set a status conference was filed.

The trial court granted Ramelli's Second Motion for Contempt, struck some of IV Waste's affirmative defenses, and awarded $35,000.00 in attorney's fees.

IV Waste filed a Motion for New Trial asserting the trial court signed the judgment prepared by Ramelli that was not agreed to by the parties and did not adequately reflect the court's oral ruling. The Motion for New Trial was granted. The trial court issued a new judgment, which provided:

> **IT IS ORDERED, ADJUDGED, AND DECREED** that the Second Motion for Contempt of Discovery Orders, Sanctions, and Attorney's Fees filed by plaintiff, Ramelli Janitorial Service, Inc. is **GRANTED** in part and **DENIED** in part as follows:
>
> 1. Plaintiff's request to have stricken IV Waste, LLC's denials and affirmative defenses contained in its Answer that it did not illegally use plaintiff's property or use any "unfair" or "unethical" means of competition, and that at all times IV Waste, LLC acted in "good faith," is DENIED.

10

2. Plaintiff's request to have deemed as established that IV Waste, LLC knowingly and illegally used plaintiff's property to perform its contract with the City of Kenner and engaged in unfair and unethical conduct in competition with plaintiff is DENIED.

3. On or before February 7, 2022, IV Waste, LLC shall produce to plaintiff all documents identified and recovered by the Court's IT expert, which are listed on the Excel spreadsheets prepared by the expert. IV Waste, LLC may withhold from production any privileged documents it previously highlighted on the Excel spreadsheets provided that, on or before February 7, 2022, it produces to plaintiff a privilege log supporting each privilege claimed in compliance with La. Code Civ. Proc. art. 1424(C).

4. Should IV Waste, LLC fail to produce the documents and/or a compliant privilege log on or before the close of business by February 7, 2022, the Court will release to plaintiff the flash drive in the Court's possession containing all of the documents identified and recovered by the Court's IT expert.

5. IV Waste, LLC shall pay plaintiff's attorney's fees incurred regarding this discovery dispute in the amount of $18,421.00.

### *Constructive Contempt*

"A contempt of court is any act or omission tending to obstruct or interfere with the orderly administration of justice, or to impair the dignity of the court or respect for its authority." La. C.C.P. art. 221. "The authority to punish for contempt of court falls within the inherent power of the court to aid in the exercise of its jurisdiction and to enforce its lawful orders." *Streiffer v. Deltatech Constr., LLC*, 19-0990, p. 4 (La. App. 4 Cir. 3/25/20), 294 So. 3d 564, 569 (quoting *In re Succession of Horrell*, 07-1533, p. 12 (La. App. 4 Cir. 10/1/08), 993 So. 2d 354, 365).

Constructive contempt includes "[w]ilful disobedience of any lawful judgment, order, mandate, writ, or process of the court." La. C.C.P. art. 224(2).

"Failure to comply with a court order is a constructive contempt of court." *Watkins v. Lake Charles Mem'l Hosp.*, 13-1137, p. 14 (La. 3/25/14), 144 So. 3d 944, 954-55. "To find a person guilty of constructive contempt for violating a court's order, it must be shown that the violation was committed on purpose, was intentional and, without justifiable excuse." *Pittman Const. Co. v. Pittman*, 96-1498, 96-1079, p. 12 (La. App. 4 Cir. 3/12/97), 691 So. 2d 268, 273. "Refusal to comply with court ordered discovery is a serious matter." *Horton v. McCary*, 635 So. 2d 199, 203 (La. 1994).

"Ramelli issued written discovery to IV Waste on June 10, 2020 seeking, among other things, identification and production of documents, electronically stored information, communications, emails, and text messages, between various persons, relevant to the issues in this litigation." Ramelli filed the Motion to Compel on July 24, 2020, and has attempted to enforce production of these documents since. The trial court gave IV Waste opportunities to comply with the orders by granting the Motion to Compel and Motion for Contempt. IV Waste admitted that it did not turn over any of the 69,000 non-privileged responsive documents found by the court-appointed IT expert. Additionally, IV Waste acknowledged that it did not file a motion to set a status conference for the trial court to settle the alleged dispute regarding extracting the responsive documents. Further, IV Waste did not produce a correct privilege log as ordered. As the trial court stated:

> I can't understand why emails or text messages were not produced at all, some in compliance with the Court's order so that's why I kind of wanted to make sure of what was going on.
>        *           *           *
> This is what I want you to tell me . . . and I'm not being rude, what I'm asking you is from the time that you guys received the information to right now and these contempts, they were filed before we got Mr. Blanchard and then I

12

> deferred and I deferred it almost a year I deferred it because I wanted to give your client an opportunity to be compliant, provide the necessary information, to cure the statement of the responsive emails were eight and to show and say hey, I'm operating in good faith and this is what we did and this is what we have. So I have given you guys I think sufficient time . . . .

Given these facts, we do not see a justifiable excuse for over a year of noncompliance and find the trial court's factual findings were not manifestly erroneous. Thus, the trial court did not abuse its discretion by holding IV Waste in contempt after numerous opportunities for compliance.

### ATTORNEY'S FEES

Having affirmed the trial court's finding of contempt against IV Waste, we must address whether the trial court abused its vast discretion by awarding $18,421.00 to Ramelli for attorney's fees. IV Waste contends "Ramelli's motions did not raise novel, unusual, or complicated legal or factual issues, and all arose from the one set of requests for production and the same discovery dispute," such that $18,421.00 was an excessive award.

"There is a distinction between the sanctions available for failure to comply with discovery and the sanctions available for disobedience of court ordered discovery." *Horton*, 635 So. 2d at 203. "Generally, Louisiana only allows for an award of attorney's fees when fees are either provided for in a contractual agreement or authorized by statute." *PVCA, Inc. v. Pac. W. TD Fund, LP*, 21-0753, p. 4 (La. App. 4 Cir. 7/13/22), 366 So. 3d 243, 248, *writ denied*, 22-01220 (La. 11/8/22), 362 So. 3d 423. The Louisiana Supreme Court found, by interpreting and applying a recent legislative revision, that a trial court can award attorney's fees to the "party who successfully prosecutes a motion for contempt." *Luv N' Care, Ltd. v. Jackel*

*Int'l Ltd.*, 19-0749, p. 10 (La. 1/29/20), 347 So. 3d 572, 578.  *See* La. R.S. 13:4611(1)(g).

When determining the reasonableness of an award of attorney's fees, we can consider:

> (1) the ultimate result obtained; (2) the responsibility incurred; (3) the importance of the litigation; (4) the amount of money involved; (5) the extent and character of the work performed; (6) the legal knowledge, attainment, and skill of the attorneys; (7) the number of appearances made; (8) the intricacies of the facts involved; (9) the diligence and skill of counsel; and (10) the court's own knowledge.

*Anny v. Johnson*, 21-0568, p. 18 (La. App. 1 Cir. 8/16/22), 348 So. 3d 747, 762, *writ granted in part and remanded*, 22-01410 (La. 12/6/22), 350 So. 3d 866.

A trial court's award of attorney's fees pursuant to La. R.S. 13:4611(1)(g) is reviewed for an abuse of discretion. *Camalo v. Estrada*, 17-1184, p. 3 (La. App. 3 Cir. 9/26/18), 257 So. 3d 202, 205.  In the present matter, Ramelli produced documentation regarding billing and hourly rates.  Ramelli's counsel worked over ninety-one hours seeking this discovery with rates from $275/hour to $425/hour.  Ramelli sought $35,000.00 in attorney's fees based on this documentation.  The litigation undergone to enforce the trial court's discovery orders took place over two years.  After weighing these factors, we do not find an award of $18,421.00 in attorney's fees to be excessive or an abuse of the trial court's discretion.

### *DECREE*

For the above-mentioned reasons, we find the trial court did not abuse its vast discretion by holding IV Waste in contempt, as IV Waste was given opportunities to comply with the trial court's discovery orders.  The trial court also did not abuse its

discretion in awarding Ramelli $18,412.00 in attorney's fees. The judgment of the trial court is affirmed.

**AFFIRMED**